SÉRECK F. SHALLCROSS v. EMMA DEATS.

1. Whether a contest between execution creditors over money paid into court, will be entertained, when the money was raised by the sale of property levied on and sold as the property of different defendants, and the contest is to which defendant the property belonged, *quære.*

2. In this case there is no necessity to settle the above question, because there is a failure to show title in the property in the defendant in one

execution, and the proof shows that the property levied on was at the time in the possession and apparent ownership of the defendant in the other executions.

3. The defendant in a confessed judgment cannot be relieved by this court, although it appears that there was no consideration for the judgment, if it also appears that the judgment was confessed with intent to defraud creditors.

4. Such a judgment may be questioned by other judgment and execution creditors of the defendant, and, as to them, the judgment and the execution thereon will be vacated and set aside.

On rule to show cause.

Argued at November Term, 1880, before Justices VAN SYCKEL and MAGIE.

For the plaintiff, *J. B. Huffman.*

For the defendant, *John S. Mitchell.*

The opinion of the court was delivered by

MAGIE, J.   The sheriff of Cape May county has paid into this court a sum of money under the following circumstances. He had received executions as follows, viz.:   On September 13th, 1878, one issued on a judgment in this court in favor of Emma Deats against Jane B. Newell; on September 20th, 1878, at 5.30 o'clock P. M., one issued on a judgment in the Cape May Circuit in favor of Isaac Rauck against Jane B. Newell; on September 20th, 1878, at 5.35 o'clock P. M., one issued on a judgment in the same Circuit in favor of Bennett, Penneville & Co. against Jane B. Newell; on September 20th, 1878, at 5.46 o'clock P. M., one issued on a judgment in the same Circuit in favor of Jacob M. Mounts against Jane B. Newell; on September 21st, 1878, one issued on a judgment in the same Circuit in favor of William and Thomas Watson against Jane B. Newell; on September 25th, 1878, one issued on a judgment in the same Circuit in favor of Sereck F. Shallcross against Frank Rommel and Jesse F.

Deats. Other executions were afterwards received by him, also issued on judgments against Jane B. Newell.

On October 3d, 1878, Jane B. Newell obtained a rule of this court, requiring Emma Deats to show cause at the November Term, 1878, why the judgment in favor of Emma Deats above mentioned, should not be set aside. The rule stayed proceedings upon the execution on that judgment, but directed the sheriff, in case he sold the property thereby levied on, under other executions, to bring the money into this court, to be disposed of by this court.

The sheriff had, under all the above-described executions, levied upon the same property. This property was all personal property, and was sold, as the sheriff states, under all said executions (except that of Emma Deats, which had been stayed,) on October 24th and 25th, 1878, and the money, amounting to over $900, was paid into this court.

On November 2d, 1878, Isaac Rauck obtained a rule of this court, requiring Emma Deats to show cause at the November Term, 1878, why her judgment against Jane B. Newell should not, as against him and the other judgment creditors of said Jane B. Newell, be vacated and set aside.

At the same time Sereck F. Shallcross obtained a rule of this court, requiring Emma Deats to show cause at the same term, why all the money raised by the sale and then in court, should not be applied exclusively to the satisfaction of his execution.

These rules coming on to be heard in February Term, 1880, they were directed to stand over, that notice might be given to all the judgment creditors of Jane B. Newell of the application of Shallcross. Accordingly, on June 18th, 1880, another rule was taken, requiring all the judgment and execution creditors of Jane B. Newell to show cause why Shallcross should not have the money in court exclusively applied to his execution.

These various rules came on to be heard and were all argued together.

1. The claim made by Shallcross to this money raises a

novel and important question, which was not argued by counsel, and which fortunately it is not necessary to decide.

It will be observed that his claim depends on the proposition that the property, the proceeds of which is now in court, was the property of Jesse F. Deats, one of the defendants in his execution. On the other hand, the creditors of Jane B. Newell contend that it was the property of Jane B. Newell. It is not, therefore, the common case of a contest as to the priority of executions 'against the same person, or as to the disposition of a surplus raised on such executions; but it is a contest as to the ownership of the property levied on and sold. The claims under the executions are not in the same but in adverse rights. The sheriff, instead of requiring adequate indemnity, and then determining in which right to sell, has chosen to sell under the conflicting claims and to bring the money into this court burdened with this conflict. Such a practice may be very convenient for sheriffs, and may not be injurious to parties, but I am unwilling either to sanction or condemn it without further consideration.

But it is not necessary to settle this question in this case, because, assuming that such practice is proper and that we are entitled to dispose of this money (about which no contest was made on the argument,) yet, Shallcross has not shown that he is entitled to it on his execution.

The affidavits disclose that the property levied on and sold was a stock of store goods. They were contained in a store in Cape May, which was carried on in the name of Jane B. Newell. Her name was upon the signs. The bills for goods sold were made out in her name. Although she had employed Jesse F. Deats · as her agent and manager in the store, yet goods were bought in her name, debts for goods bought were contracted in her name, she corresponded with the parties who sold to her, and she was the apparent owner and proprietor of the store and stock.

Under such circumstances, the burden is on Shallcross to convince us that the property is subject to his execution, i. e., was the property of Jesse F. Deats. This he has failed to do.

He has shown that at some time not accurately fixed by the evidence, but prior to April, 1877, Jesse F. Deats deposited in a Philadelphia bank $2000 to the credit of Jane B. Newell. She admits this was not her money. She gave him a power of attorney to draw it, and it was all drawn by him except $90, which he owed to her and which she drew herself. She testifies that Deats told her that the money drawn by him was used to purchase stock for the store. Deats was not called as a witness. If this was competent evidence, it manifestly falls short of proving the ownership of the stock levied on in September, 1878. In the meantime Mrs. Newell had been the ostensible owner and had been buying in her own name stock for the same. But it is clearly incompetent evidence, as against the creditors of Jane B. Newell. And there is no evidence sufficient to establish the ownership of this property in Jesse F. Deats at the date of the levy.

If, however, the proof were sufficient to establish the fact that the stock, though ostensibly owned by Mrs. Newell, was really the property of Jesse F. Deats, I do not think Shallcross ought to be accorded the proceeds of this sale, at least as against the creditors of Mrs. Newell, whose executions were levied before his. The evidence is conclusive that she, with Deats' aid and connivance, held herself out as the owner of the store. In that capacity she contracted the debts on which these judgments were founded. Under such circumstances Deats could not set up his claim against her creditors. Nor do I see how his creditors can do so. If they are innocent parties, so are the creditors of Mrs. Newell, and the maxim "*prior tempore potior jure*" would apply to the case.

The rule to show cause obtained by Shallcross and the other rules relating thereto must, therefore, be discharged, with costs.

2. The next question raised relates to the judgment of Emma Deats against Jane B. Newell. This was a judgment by confession on a bond and warrant of attorney. Mrs. Newell attacks this judgment upon the ground that it was without consideration. The evidence satisfies me that such

was the fact. But the testimony of Mrs. Newell further discloses that the judgment was confessed without consideration and with the intent to defraud the creditors of Jesse F. Deats and Jane B. Newell. This is a fair deduction from her own evidence, and under such circumstances she cannot invoke the aid of this court to relieve her from the situation in which she has voluntarily placed herself. *Pollock* v. *Price*, 8 *Vroom* 44.

The rule to show cause obtained by her must, therefore, be discharged, with costs.

3. The remaining question also arises on the judgment and execution of Emma Deats against Jane B. Newell. This is also attacked by Rauck, as a judgment creditor of Mrs. Newell. His claim is, that the judgment was confessed without any consideration and with an intent to defraud Mrs. Newell's creditors. Such an objection may be made by creditors and those representing them. *Mulford* v. *Stratton*, 12 *Vroom* 466; *Clapp* v. *Ely*, 3 *Dutcher* 555; *Evans* v. *Adams*, 3 *Green* 373. As before stated, the evidence is conclusive that the judgment was confessed without any indebtedness existing and with an intent to defraud creditors. The judgment and the execution issued thereon must therefore be vacated and set aside, as against Mr. Rauck and the judgment creditors of Mrs. Newell who have applied by these rules.

The money in court must remain until applied for by the parties to whom it will be payable pursuant to this opinion.